UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESTINI BIGELOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. and FISHER-PRICE, INC.<br><br>Defendants. | Case No. 1:24-cv-00992-JLS<br><br>Class Action<br><br>Hon. John L. Sinatra, Jr.<br><br>~~PROPOSED~~ ORDER  *JLS*<br><br>[PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL] |
| GRACE WALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. and FISHER-PRICE, INC.<br><br>Defendants. | Case No. 1:24-cv-01037-JLS |
| RABIA SHAHBAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. and FISHER-PRICE, INC.<br><br>Defendants. | Case No. 1:24-cv-01181-JLS |

FILED JAN 23 2025 MARY C. LOFWENGUTH, CLERK WESTERN DISTRICT OF NY

|  |  |
|---|---|
| VALERIE GATES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>MATTEL, INC. and FISHER-PRICE, INC.<br><br>      Defendants. | Case No. 1:24-cv-1233-JLS |

## [PROPOSED] ORDER

AND NOW, upon consideration of Plaintiffs' Motion for Consolidation pursuant to Fed. R. Civ. P. 42(a) and to Appoint Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g), it is hereby ORDERED that the Motion is **GRANTED**. Accordingly, it is further **ORDERED** that:

1. The following actions pending in this District, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a) (hereafter, the "Consolidated Action"):

   - *Bigelow v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-00992 (*"Bigelow"*)
   - *Shahbaz v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01181 ("*Shahbaz*")
   - *Wall v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01037 ("*Wall*")
   - *Gates v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01233 ("*Gates*")

   Consolidation and this stipulation and order will not waive or prejudice any legal rights or defenses in this litigation.

2. All papers filed in the Consolidated Action must be filed under Case No. 24-cv-

00992, the number assigned to the first-filed case, and must bear the following caption:

UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE SNUGA SWING LITIGATION*,<br><br>This Document Relates To:<br><br>_____/ | Master File No. 1:24-cv-00992-JLS |

3. The case file for the Consolidated Action will be maintained under Master File No. 24-cv-00992. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "No. 24-cv-00992 (Bigelow)".

4. The Clerk is directed to administratively close the following related cases:

- *Shahbaz v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01181

- *Wall v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01037

- *Gates v. Mattel, Inc. and Fisher-Price, Inc.*, No. 24-cv-01233

5. Any action subsequently filed, transferred, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it. The Parties shall file a Notice of Related Cases whenever a case that should be consolidated

into this action is filed in, or transferred to, this District, so that the clerk can assign the cases pursuant to Local Rule 5.1(e). If the Court determines that the case is related, the clerk shall:

    a.    place a copy of this Order in the separate file for such action;

    b.    serve on plaintiff's counsel in the new case a copy of this Order;

    c.    direct that this Order be served upon Defendants in the new case; and

    d.    make the appropriate entry in the Master Docket.

6.    Defendants do not waive any of their rights, remedies or defenses, including their right to oppose class certification.

7.    Initial deadlines for this consolidated action are as follows: Plaintiffs will file the Consolidated Amended Complaint ("CAC"), which amends and supersedes the original complaints filed in *Bigelow*, *Shahbaz*, *Wall*, and *Gates*, thus relieving any obligation of Defendants to respond to those original complaints, no later than February 27, 2025. Defendants will respond to the CAC no later than April 28, 2025.

8.    Prior to Defendants filing a motion to dismiss the CAC, the Parties shall meet and confer, no later than March 15, 2025, regarding the basis of the motion, and Plaintiffs shall advise Defendants of its position regarding the motion to dismiss and whether it intends to amend by no later than March 27. If Defendants file a motion to dismiss, the Parties agree to stipulate to a briefing schedule on Defendants' motion to dismiss. Plaintiffs may either oppose Defendants' initial motion to dismiss or respond by amending the CAC.

9.    Zachary Arbitman of Feldman Shepherd Wohlgelernter Tanner Weinstock Dodig LLP and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman LLP are APPOINTED as Interim Co-Lead Class Counsel. Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

a. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel, including billing, in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e. Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs *vis-à-vis* Defendants and the Court;

f. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i. Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

j. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n. Assessing Plaintiffs' counsel for the costs of the litigation;

o. Preparing and distributing periodic status reports to the Court and to the parties as ordered;

p. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Co-Lead Counsel also will determine apportionment and allocation of fees and expenses subject to Court review of any disputes; and

q.  Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

10. Leonard Aragon of Hagens Berman, Kevin Laukaitis of Laukaitis Law LLC, and Paul Doolittle of Poulin Willey Anastopoulo LLC are APPOINTED to the Plaintiffs' Executive Committee. As members of the Executive Committee, these attorneys are expected to work closely with Interim Co-Lead Counsel to perform significant duties and responsibilities related to this litigation.

11. Terrence Connors of Connors LLP is APPOINTED Liaison Counsel and is expected to work with Interim Co-Lead Counsel to ensure effective processes for communication and coordination of work related to this litigation.

12. This Order APPLIES to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions, and Interim Co-Lead Class Counsel must SERVE a copy of this Order and all future orders promptly, by expeditious electronic means, on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED.**

_____
HON. JOHN L. SINATRA, JR.
UNITED STATES DISTRICT COURT JUDGE